**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAMELA G. FOY,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 04-7103
(D.C. No. CV-03-510-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Pamela G. Foy appeals from an order of the district court affirming the Commissioner's decision denying her application for Social Security disability benefits. Appellant filed for these benefits on January 30, 2002. She alleged disability based on multiple physical and mental impairments. The agency denied her application initially and on reconsideration.

On December 4, 2002, appellant received a de novo hearing before an administrative law judge (ALJ). The ALJ issued a decision in which he determined that appellant retained the residual functional capacity (RFC) to perform light work, with certain exertional restrictions. He further found that her mental limitations, which included depression and anxiety, restricted the types of jobs she could do to those "which involve only incidental contact with the general public, co-workers, supervisors, and which [are] basically task oriented, not driven by production[] quotas, and generally involve[] simple one to two step tasks." Aplt. App., Vol. II at 28. Although she could not return to her past relevant work, the ALJ determined that there were a significant number of other jobs which appellant could perform in the national or regional economy, given her limitations, including work as a housekeeper. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.20 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act.

Appellant sought review of the ALJ's decision from the Appeals Council. In connection with her request for review, she submitted additional medical records pertaining to her mental impairments, including a "Mental Medical Source Statement" prepared by her treating physician, Dr. Miller. In denying review, the Appeals Council stated that it had considered the additional evidence but that "this information does not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 7. The Appeals Council's denial made the ALJ's decision the Commissioner's final decision for purposes of review. The district court affirmed the Commissioner's decision, and appellant timely appealed to this court.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing

a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience. *See id.* at 751. As this case was decided at step five, the burden on this RFC issue lay with the Commissioner.

On appeal, appellant does not contest the agency's adjudication of issues relating to her physical impairments, but raises two issues pertaining to her mental impairments. She first contends that the Appeals Council failed to consider and discuss adequately the new evidence she submitted concerning these impairments, necessitating a remand to the agency for further proceedings. Second, she contends that the new evidence undermines two essential facets of the ALJ's decision: (1) his conclusion that appellant failed to seek treatment for her mental impairments, and (2) his assessment of the severity of those impairments.

## 1. Appeals Council's discussion of new evidence

Appellant contends that the Appeals Council did not adequately consider and/or discuss the new evidence she submitted in support of her claim of disability. The pertinent regulation concerning new evidence provides as follows:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).

Here, the Appeals Council did not specify whether the evidence qualified as new, material, and chronologically relevant. It did, however, state that the new evidence was being made a part of the record. Aplt. App., Vol. I at 9. We read this as an implicit determination that appellant had submitted qualifying new evidence for consideration. This being the case, the Appeals Council was required to "consider" this new evidence as part of its "evaluat[ion of] the entire record" in order to determine whether to "review the case." 20 C.F.R. § 404.970(b). Appellant contends that it failed to do so, and remand is therefore required. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

We disagree. The Council's decision stated that it "considered the reasons you disagree with the [ALJ's] decision *and the additional evidence* listed on the enclosed Order of Appeals Council." *Id.* at 6 (emphasis added). It concluded "that this information does not provide a basis for changing the [ALJ's] decision," *id.* at 7, and it therefore denied appellant's request for review. Thus, the Council

-5-

adequately "considered . . . the additional evidence," *id.* at 6, meaning that it "evaluate[d] the entire record including the new and material evidence." 20 C.F.R. § 404.970(b).

Appellant also argues, however, that the Appeals Council should have specifically *discussed* the effect of the new evidence on the ALJ's previous decision, in light of the record as a whole. While a detailed analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, appellant points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Council denies review. We therefore reject her contention that the Appeals Council provided insufficient discussion of the new and material evidence.

## 2. Effect of new evidence on ALJ's decision

Because the Appeals Council "considered" the new evidence appellant submitted, "the new evidence [is] part of the administrative record to be considered [by this court] when evaluating the [ALJ's] decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *accord Threet*, 353 F.3d at 1191. We must therefore consider the entire record, including the new evidence, in conducting our review for substantial evidence on the issues presented.

### a. Failure to seek treatment

In his decision rejecting appellant's claim of a disabling mental impairment, the ALJ noted that appellant was initially scheduled to attend weekly therapy sessions with Vicky Brown, a licensed social worker. She attended only two such sessions, the initial session and one additional session, both in February 2002. She missed two more appointments in March and April of that year, and Ms. Brown closed her case in July 2002 after appellant failed to show up for any further appointments. Concerning this evidence, and other evidence of mental health treatment or lack thereof, the ALJ opined that

> All factors considered . . . the most troubling aspect of this case is claimant's failure to seek mental health treatment on a regular and consistent basis. Claimant has received treatment via psychotropic medication. This is not a departure from her status prior to her son's death in 2000. When seen in February 2002 at the St. John Medical Center treatment program, claimant stated that her condition had only recently worsened. However, despite her allegation of increased difficulty, claimant *failed to avail herself of the offered weekly counseling sessions*. Indeed, there is no evidence that claimant has, on a consistent basis, *except for psychotropic medication*, sought treatment for her alleged disabling emotional/psychiatric difficulties. Despite her allegation that her mental health impairment(s) has been disabling, the administrative law judge notes that claimant has never required hospitalization for treatment.

Aplt. App., Vol. II at 23 (emphasis added). Based on the evidence before him, the ALJ further characterized appellant's visits with her psychiatrist, Dr. Miller, as "very few, brief [and] perfunctory." *Id.* at 25.

Appellant contends that the progress notes and Mental Medical Source Statement from Dr. Miller, submitted to the Appeals Council, "evidence regular and consistent treatment" of her mentally impairing condition by Dr. Miller. Aplt. Opening Br. at 12. While the new evidence may undermine somewhat the ALJ's characterization of a "very few, brief, perfunctory" visits to Dr. Miller (the progress notes detail, by our count, ten actual visits to Dr. Miller over a space of nearly two years), it does not contraindicate the ALJ's basic concern about appellant's failure to pursue regular and consistent therapy, other than medication, for her alleged mental impairments.

Dr. Miller's progress notes, which cover the time period August 2, 2001 through April 3, 2003, are primarily concerned with the prescription and adjustment of appellant's psychotropic medication. *See* Aplt. App., Vol. II at 369-72. When he reached his conclusions about appellant's failure to obtain therapy, the ALJ was well aware that Dr. Miller was monitoring appellant's medications. A letter from Dr. Miller that was before the ALJ noted that appellant's use of psychotropic medications "continues to be monitored" and that she was "compliant with [her] treatment plan." *Id.* at 229. The new records do not contradict the ALJ's basic conclusion, that appellant did not seek treatment on a consistent basis, other than psychotropic medications, for her emotional problems. Appellant did not follow up with the talk therapy offered by

Ms. Brown, choosing instead to treat her condition only with the use of psychotropic medication monitored by Dr. Miller.

Appellant's failure to avail herself of available therapeutic treatment is a legitimate factor to be considered in evaluating the severity of her alleged mental limitations. *See, e.g., Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000) (upholding ALJ's use of claimant's failure to take pain medication in evaluating claimant's credibility on pain issue). The ALJ's conclusions on this point are supported by substantial evidence.

### b. Dr. Miller's Mental Medical Source Statement

The ALJ made the following findings concerning the effect of appellant's mental impairments on her RFC:

> [T]he administrative law judge, relative to the area of activities of daily living, concludes claimant has no more than moderate limitation. Although claimant does not do much as far as outside activities, her primary mental healthcare provider, Dr. Miller, advised that she engaged in "normal routine daily activities." . . . Claimant has no greater than moderate difficulty in maintaining social functioning. Claimant does have a significant degree of anxiety and depression, which would make it difficult for her to interact with other individuals on a consistent, extended basis. On the other hand, claimant appears to be able to relate, at least on a superficial basis, to the general public, co-workers, and supervision. . . . Claimant's ability to maintain concentration, persistence, and pace is moderately limited. . . . [T]he administrative law judge is of the opinion that claimant's degree of anxiety and depression is sufficiently severe to limit claimant to routine, simple type work tasks. The evidence is not

> persuasive that claimant has experienced episodes of decompensation, each of extended duration.

Aplt. App., Vol. II at 24.

In her submission to the Appeals Council, appellant provided a Mental Medical Source Statement completed by Dr. Miller. *Id.* at 365-68. Dr. Miller concluded that appellant suffered "no significant limitation" in most areas itemized on the form, but assigned her a "moderate limitation" in several areas. In the area of "sustained concentration and persistence," Dr. Miller stated that appellant was moderately limited in "the ability to carry out detailed instructions"; "the ability to sustain an ordinary routine without special supervision"; and "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* at 366. In the area of "social interaction," appellant was moderately limited in "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." *Id.* In the area of "adaptation," appellant was moderately limited in "the ability to respond appropriately to changes in the work setting" and "the ability to set realistic goals or make plans independently of others." *Id.* at 367. Dr. Miller also noted that appellant "has difficulty in leaving her home" and was seeking disability "due to inability to function in the work place." *Id.* at 368.

Appellant cites our general rule that the Commissioner may not reject a treating physician's opinion without providing specific, legitimate reasons for doing so, *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004), and notes that the Appeals Council did not provide such reasons. This assumes, of course, that in conducting its analysis, the Appeals Council *rejected* Dr. Miller's Mental Medical Source Statement. Yet there is no reason for making such an assumption here.

The ALJ assigned appellant a "moderate" impairment in a number of areas of mental functioning, which is consistent with Dr. Miller's findings. More importantly, the ALJ's ultimate conclusion regarding the combined effect of appellant's mental limitations on her ability to work is also consistent with Dr. Miller's findings. The ALJ concluded that appellant was limited to "work which involve[s] only incidental contact with the general public, co-workers, supervisors, and which is basically task oriented, not driven by production[] quotas, and generally involves simple one to two step tasks." Aplt. App., Vol. II

at 28.  This conclusion was supported by substantial evidence on the record as a whole, including Dr. Miller's Mental Medical Source Statement.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge