**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICARDO SALAZAR, JR.,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 05-6213
(D.C. No. CIV-04-829-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Ricardo Salazar, Jr. appeals from an order of the district court affirming the Commissioner's decision denying his application for Supplemental Security Income benefits (SSI). Appellant filed for benefits on June 29, 2000, alleging disability based on chronic liver disease and cirrhosis of the liver. The agency denied his applications initially and on reconsideration.

On August 27, 2001, appellant received a hearing before an administrative law judge (ALJ). The ALJ issued a decision finding appellant not disabled. The Appeals Council granted appellant's request for administrative review, vacated the hearing decision and remanded for further proceedings by an ALJ.

On December 3, 2002, appellant received a second ALJ hearing. The ALJ determined that appellant retained the residual functional capacity (RFC) to perform the exertional demands of light work. He found that although appellant could not return to his past relevant work as a roofer or as a construction laborer, there were a significant number of other jobs at the light and sedentary levels in the national or regional economy that he could perform. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.19 (the grids) the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted). In conducting our review, "[w]e may neither reweigh the evidence nor substitute our discretion for that of the [Commissioner]." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education and work experience. *See id.* at 751.

Appellant states his issue on appeal as follows: "The ALJ erred by formulating Salazar's [RFC in a manner] that failed to include all of Salazar's physical limitations." Aplt. Br. at 9. His first contention is that the ALJ was

bound by his finding at step two that "[t]he best evidence of [appellant's] medical condition is contained in [Exhibits 1F through 7F of the record.] This evidence is accorded significant weight, and there is no substantial evidence to the contrary." Aplt. App. at 16. Appellant argues that the ALJ's step four finding that his RFC included the ability to perform light work is at odds with what the ALJ found was the best evidence of his medical condition. He cites a number of examples of evidence that he contends should have resulted in a more limited RFC determination.

He argues, first, that the ALJ erred by failing to give controlling weight to, and by ultimately rejecting, a conclusory opinion by his treating physician, Dr. Buendia. The entire text of Dr. Buendia's opinion reads as follows: "This is to certify that Ricardo Salazar, Jr. is under my care for severe liver cirrhosis, secondary to chronic alcoholism. Due to this medical condition, I would consider him totally disabled to do any kind of work." *Id.* at 238.

In determining the weight to be accorded to a treating physician's opinion, the ALJ follows a two-step process. First, he must determine whether the opinion is entitled to controlling weight. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). "An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other

-4-

substantial evidence in the record." *Id.* (quotations omitted). Second, if the opinion is not entitled to controlling weight, the ALJ must evaluate the weight to be given to the opinion, using the factors provided in 20 C.F.R. § 416.927.

Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Branum*, 385 F.3d at 1275 (quotation omitted).

The ALJ complied with these legal requirements. He denied Dr. Buendia's opinion controlling weight for several reasons. He correctly noted that the ultimate issue of whether a claimant is disabled is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(e)(1). To the extent that Dr. Buendia's opinion concerned this ultimate issue, the ALJ was not required to give any special significance to the fact that it came from appellant's treating physician. *Id.* § 416.927(e)(3). The ALJ also denied controlling weight to Dr. Buenida's opinion because it was neither well-supported by acceptable clinical and laboratory diagnostic techniques, nor consistent with the other evidence in the record.

Appellant argues that the ALJ's statements at step two, that the medical evidence in the record would be accorded significant weight and that there was no substantial evidence to the contrary, foreclosed him from denying Dr. Buendia's

-6-

opinion controlling or significant weight. This argument is meritless. The ALJ did not rely on evidence outside the record to reject Dr. Buendia's opinion. He merely noted that Dr. Buendia's opinion was not well-supported by or consistent with the other evidence *in the record*. The ALJ's general statement concerning the overall weight of the evidence in the record did not prevent him from rejecting any particular portion of the evidence.

In addition to the foregoing analysis, the ALJ gave a number of reasons for the insignificant weight he assigned to Dr. Buendia's opinion. He noted that there had been no liver biopsy, which, he stated, is necessary for a diagnosis of cirrhosis. Aplt. App. at 18. He also noted that Dr. Buendia's opinion was given only four months after the initial alleged onset date, and that the record documented continuing improvement of appellant's condition after the opinion was made. *Id.* The ALJ's analysis thus satisfied the requirements of § 416.927.

Appellant contends, however, that Dr. Buendia's opinion is supported by medically accepted clinical and laboratory diagnostic techniques, because there were repeated laboratory blood and urine tests supporting his diagnosis.[1] The

---

[1] Appellant confuses matters by departing temporarily from his "treating physician" argument to pursue a contention that his bilirubin levels during a sixteen-month period following the alleged onset date of his disability establish that he met a listing during those months, thus entitling him to a closed period of disability. *See* Aplt. Br. at 11-12. Appellant failed to raise this argument in the district court, and we will therefore not consider it. *Crow v. Shalala*, 40 F.3d
(continued...)

-7-

ALJ did not deny the existence of these tests in the record. He merely noted the absence of a liver biopsy to substantiate the diagnosis of cirrhosis.

The medical expert who testified at the hearing stated that because there had been no biopsy, the diagnosis of cirrhosis could not be confirmed for purposes of meeting a Listing (i.e., at step three). Aplt. App. at 368. Appellant contends that when evaluating his RFC at step four, the ALJ should not have relied on the expert's testimony about the lack of a biopsy to discount Dr. Buendia's opinion that he had cirrhosis. In his decision, the ALJ acknowledged that appellant has a severe impairment, liver disease, and that this impairment has an effect on his RFC greater than that previously determined by the agency's medical consultants. *Id.* at 19. Even if the ALJ erred in rejecting Dr. Buendia's further conclusion that appellant has cirrhosis, however, the issue at step four concerned appellant's RFC, that is, what he was able to do given his impairments. On this issue, the ALJ was not required to give any weight to Dr. Buendia's conclusory opinion that appellant could not do any type of work. He appropriately relied instead, as he stated, on the other, more specific evidence in the record concerning appellant's exertional capacities.

---

[1](...continued)
323, 324 (10th Cir.1994).

Appellant further argues that the ALJ failed to identify any medical evidence that contradicted Dr. Buendia's opinion. To the contrary, the ALJ relied on medical improvement, as supported by numerous blood tests. He also specifically noted the results of a comprehensive consultative examination conducted by Dr. Saidi in February 2003, two and one half years after Dr. Buendia's opinion, that showed only mild deficits in appellant's exertional capacities. Appellant's argument lacks merit.

Finally, appellant attacks the ALJ's reliance on Dr. Saidi's consultative examination report, contending that the ALJ failed to consider the full extent of the limitations found by Dr. Saidi. In finding that appellant could essentially perform the full range of light and sedentary work, the ALJ rejected the nonexertional limitations described in Dr. Saidi's "medical assessment of function" (MAF) form.[2] The ALJ stated that these limitations "are not supported

_____

[2]    Appellant also argues that the ALJ's RFC failed to include *exertional* limitations found by Dr. Saidi: that appellant is limited to two hours of standing in an eight hour workday, and is limited in pushing and pulling. Appellant did not argue in his district court brief that the ALJ had failed to include these exertional limitations. Instead, he only argued that the ALJ's reasons for rejecting the conclusions on Dr. Saidi's MAF were wrong. *See* Aplt. App. at 388-89. As the magistrate judge noted, however, the ALJ only rejected Dr. Saidi's conclusions regarding appellant's non-exertional limitations; he *accepted* Dr. Saidi's findings concerning appellant's exertional impairments. *Id.* at 412. Whether, having accepted these impairments, the ALJ should have included them in his RFC determination is a question that was apparently not specifically presented to the district court. We therefore decline to consider this issue on

(continued...)

by the objective findings upon examination." *Id.* at 18. He further noted that appellant's impairments, as described by Dr. Saidi, did not include "any impairment that could cause the limits cited on the MAF." *Id.*

Appellant argues that the ALJ's rejection of the nonexertional impairments described in Dr. Saidi's report was improper, for two reasons. First, the ALJ substituted his own lay medical opinion for Dr. Saidi's. Second, the ALJ had already stated that there was no contradictory evidence in the record, and was therefore compelled to accept Dr. Saidi's conclusions. We reject these contentions, for substantially the reasons stated by the magistrate judge in her well-reasoned report and recommendation of May 11, 2005. *See* Aplt. App. at 411-15.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2](...continued)
appeal. *See Crow*, 40 F.3d at 324.