# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

CHRISTEL BRANUM,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 03-7105

## ORDER

Filed September 27, 2004

Before **HARTZ, McKAY,** and **PORFILIO,** Circuit Judges.


Appellee's motion to publish the order and judgment of August 5, 2004, is granted.

A copy of the published opinion is attached.


Entered for the Court
PATRICK FISHER, Clerk of Court


by:
      Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

AUG 5 2004

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTEL BRANUM,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 03-7105

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 03-CV-119-W)**

Submitted on the briefs:

Davis Duty of Duty & Harp, Forth Smith, Arkansas, for Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney, Tina M. Waddell, Chief Counsel, Region VI, Michael McGaughran, Deputy Chief Regional Counsel, Linda H. Green, Assistant Regional Counsel, Office of the General Counsel, U.S. Social Security Administration, Dallas, Texas, for Defendant-Appellee.

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

**PORFILIO**, Circuit Judge.

Plaintiff-appellant Christel Branum appeals from an order of the district court affirming the Social Security Administration's decision denying her application for Supplemental Security Income (SSI) payments. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.[*]

Plaintiff claims she has been unable to work since January 1998 as a result of back pain, obesity, and depression. After her application for SSI payments was denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ), and plaintiff was represented by counsel at the hearing. In a decision dated September 24, 2002, the ALJ denied plaintiff's application for SSI payments, concluding that plaintiff is not disabled because: (1) she does not suffer from a severe mental impairment; (2) while her back pain and obesity are severe physical impairments, she is capable of performing sedentary work that requires only occasional walking up ramps and stairs and only occasional stooping, kneeling, and crouching, and which does not require climbing ladders, ropes, or scaffolds or balancing or crawling; and (3) based on the testimony of the vocational expert, she has the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In January 2003, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Plaintiff then filed a complaint in the district court. After the parties consented to having a magistrate judge decide the case, a magistrate judge entered an order affirming the ALJ's decision denying plaintiff's application for SSI payments. This appeal followed.

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 769 (10th Cir. 2003). In reviewing the ALJ's decision, we "neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only to determine whether the correct legal standards were applied and whether the ALJ's factual findings are supported by substantial evidence in the record. *Doyal*, 331 F.3d at 760. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

In this appeal, plaintiff claims the ALJ's decision denying her application for SSI payments is not supported by substantial evidence in the record because: (1) the ALJ failed to develop a record containing all of her medical records; (2) the ALJ erroneously

determined that her mental impairment is not severe and failed to develop an adequate record concerning her mental impairment; (3) the ALJ improperly discredited her subjective complaints regarding her back pain; (4) the ALJ failed to give appropriate weight to the opinion of her treating physician; and (5) the ALJ incorrectly assessed her RFC and incorrectly found that she can perform jobs that exist in significant numbers in the national economy. We disagree with plaintiff on each of these points, and we therefore affirm the ALJ's denial of plaintiff's application for SSI payments.

## A. Duty to Develop the Record.

The administrative record contains medical records from the Cherokee Nation Indian Clinic in Stillwell, Oklahoma, and the records document medical care that plaintiff received at the clinic in 2000. *See* A.R. at 99-103. The administrative record also contains medical records from the Redbird Smith Behavioral Health Center in Sallisaw, Oklahoma, and the records document medical care that plaintiff received at the center from February 1999 through October 2001.[1] *Id.* at 128-62. Plaintiff claims the ALJ erred by failing to obtain medical records dating back to January 1998 when she was in a car accident. Plaintiff also claims the ALJ erred by failing to obtain medical records

---

[1] The administrative record also contains additional medical records which are not identified on their face, but are referred to in the administrative record as: (1) "[p]rogress notes covering the period from January 31, 2002 to February 25, 2002 by R. Smith IHC," A.R. at 2; and (2) "[p]rogress notes covering the period from April 17, 2002 to June 7, 2002 by Redbird Smith Health Center," *id.*

pertaining to medical care she received at the Redbird Smith Medical Clinic, a facility that, according to plaintiff, is separate from the Redbird Smith Behavioral Health Center.

The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). Nonetheless, in cases such as this one where the claimant was represented by counsel at the hearing before the ALJ, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," and the ALJ "may ordinarily require counsel to identify the issue or issues requiring further development." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

During the hearing before the ALJ, plaintiff's counsel did not indicate or suggest to the ALJ that any medical records were missing from the administrative record, nor did counsel ask for the ALJ's assistance in obtaining any additional medical records. Moreover, under the governing regulations, the ALJ was required to develop plaintiff's

-5-

medical history only for the twelve months preceding the month in which she filed her application "unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912(d).[2] Here, plaintiff filed her application in April 2001, and she has made no showing that the ALJ did not properly develop her medical history for the preceding twelve months. In addition, while plaintiff has referred in conclusory fashion to a car accident that allegedly occurred in January 1998, we are not convinced that the ALJ needed to obtain any earlier medical records in order to properly evaluate plaintiff's back impairment. In fact, we note that plaintiff's prior medical history is documented in the medical records contained in the administrative record,[3] and plaintiff has made no showing that anything of significance is missing from the current record. We thus conclude that there was an adequate record by which the ALJ could decide this case.

**B. Mental Impairment.**

The medical records in the administrative record indicate that plaintiff has suffered from depression for several years, and that she has been prescribed Zoloft to treat her depression. *See* A.R. at 129, 130, 132, 133, 135, 139, 141. As noted by the ALJ,

---

[2]     All citations herein to the Code of Federal Regulations are to the regulations that were in effect at the time of the ALJ's decision in September 2002.

[3]     Specifically, the records from the Redbird Smith Behavioral Health Center indicate that plaintiff has had lower back pain "since [motor vehicle accident] in 1997," A.R. at 129, and that she was diagnosed in September 1998 as suffering from sacral lumbarization and spina bifida occulta of the lumbar spine, *id.* The latter conditions were apparently discovered after x-rays were taken of plaintiff's lumbar spine. *Id.* at 185.

however, "the exhibits of record fail to demonstrate much in the way of a longitudinal treatment history for mental health impairment(s)." *Id.* at 19. We also note that Victoria Dillard, the primary individual that plaintiff was seeing at the Redbird Smith Behavioral Health Center to treat her depression, is not a medical doctor. As a result, the records generated by Ms. Dillard, *id.* at 130, 132, 133, did not come from an acceptable medical source under the governing regulations. *See* 20 C.F.R. § 416.913(a). Further, it does not appear that the Redbird Smith Behavioral Health Center employed any medical doctors. *See* A.R. at 179.

Because of the lack of information in plaintiff's medical records pertaining to her mental impairment, it was necessary to have plaintiff evaluated by a consulting psychologist. In July 2001, Dr. Douglas A. Brown, a clinical neuropsychologist, performed a consultative psychological examination of plaintiff, and he diagnosed her as suffering from a dysthymic disorder, a chronic pain disorder, and a personality disorder. *Id.* at 105. However, Dr. Brown did not report any significant limitations with respect to plaintiff's ability to function on a day-to-day basis. *Id.* at 104-06. To the contrary, he reported that plaintiff communicates effectively with no specific limitations in speech or language, and he also observed no abnormalities with respect to persistence, concentration, or pace. *Id.* at 105-06.

Based on Dr. Brown's evaluation and the administrative record as a whole, the ALJ concluded that plaintiff does not suffer from a severe mental impairment. *Id.* at 19-

21; *see also* 20 C.F.R. § 416.921(a) ("An impairment . . . is not severe if it does not significantly limit [a person's] physical or mental ability to do basic work activities."). Specifically, in accordance with the special technique set forth in 20 C.F.R. § 416.920a for rating the degree of the functional limitations that are caused by a mental impairment, the ALJ concluded that: (1) plaintiff has "no" limitations with respect to activities of daily living; (2) plaintiff has only a "slight" impairment with respect to social functioning; (3) plaintiff "seldom" has an impairment with respect to concentration, persistence, or pace; and (4) plaintiff has "no" history of episodes of decompensation.[4] *See* A.R. at 20-21.

We conclude that the ALJ properly analyzed plaintiff's mental impairment. First, as required by 20 C.F.R. § 416.920a(e), the ALJ's decision documented his application of the special technique for evaluating mental impairments, and his decision "include[d] a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 416.920a(e)(2). Second, in his decision, *see* A.R. at 19-20, the ALJ set forth "the significant history . . . and the functional limitations that were considered in reaching [the] conclusion about the severity of [plaintiff's] mental impairment[]," § 416.920a(e)(2). Finally, we

---

[4]     Although the rating scale used by the ALJ is slightly different than the rating scale set forth in 20 C.F.R. § 416.920a(c)(4), the ALJ analyzed the four broad functional areas that are set forth in § 416.920a(c)(3), and we do not see any prejudice to plaintiff as a result of the ALJ's use of slightly different terminology for the rating scale.

reject plaintiff's argument that the ALJ failed to develop an adequate record regarding her mental impairment because he failed to seek an assessment of her ability to perform certain work-related activities from Dr. Brown. Although the governing regulations provide that a consultative examination report should contain a statement describing the opinion of the medical source about the claimant's abilities, despite his or her impairments, to perform certain work-related activities, *see* 20 C.F.R. § 416.919n(c)(6), the regulations further provide that "the absence of such a statement in a consultative examination report will not make the report incomplete." *Id.*

### C. Subjective Complaints Regarding Back Pain.

With respect to plaintiff's back pain, the ALJ did "not find credible the testimony and statements of functional limitations and pain of such severity as to preclude the performance of any substantial gainful activity." A.R. at 19. We conclude that the ALJ's credibility determination is supported by substantial evidence in the record.

"A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Instead, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted). As this court has explained:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1)

whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* (quotation omitted).

In this case, there is objective medical evidence in the administrative record establishing that plaintiff has a pain-producing back impairment, and the Commissioner does not dispute that plaintiff has met the first two prongs of the three-part inquiry. Consequently, the ALJ was required to consider plaintiff's assertions of severe pain and "decide whether he believe[d them]." *Id.* at 1489 (quotation omitted). To determine the credibility of pain testimony, the ALJ should consider such factors as:

the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted).

The ALJ found that plaintiff's allegations of disabling pain were not credible for the following reasons:

[T]he [ALJ] has carefully considered claimant's allegations of disabling impairments and pain. Despite her complaint of remitting disabling back pain, the evidence fails to reflect that claimant has sought any definitive treatment. Apparently following her 1998 motor vehicle accident in order to rule out severe injury, her lower back was x-rayed. Although she has continued to complain of lower back pain, apparently her medical doctors have not considered her clinical presentation severe enough to warrant

-10-

additional evaluation, or even the [simple] measure of repeat lower back x-rays. The social security consultative examiner reached the conclusion, which appears to be consistent with the evidence as a whole, that claimant's lower back pain was related to her morbid obesity (as opposed to trauma). Nevertheless, the record fails to reflect claimant has made any sustained effort to lose weight. It would appear that if claimant were, in fact, as uncomfortable as alleged, she would be motivated to follow a concentrated weight loss program. This she has not done. The consultative physician advised that claimant was neurologically intact. This negates the presence of nerve root compression consistent with a diagnosis of disc herniation. Indeed, it would appear that if claimant's treating physicians thought that it was likely claimant had a herniated disc, they would have requested additional diagnostic studies, such as a MRI.

Claimant does not appear to take much in the way of medication for pain. She has advised that she takes ibuprofen. Apparently this medication does provide her with some relief, as she has not requested from her treating physicians stronger medication for pain relief. Claimant takes two ibuprofen every 6 hours, which [is] not demonstrative of an excessive need for pain medication.

Although claimant's ability to engage in activities is significantly restricted due to her marked obesity, she does perform various household chores, as related to the consultative examiner.

A.R. at 23-24.

While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record. In particular, it appears that plaintiff has not made any extensive attempts to obtain relief for her back pain, as the medical contacts regarding her back pain have been infrequent. In addition, although plaintiff is correct that "the ALJ may not discredit [her] for a lack of treatment or aggressive testing when . .

-11-

. she has a legitimate reason for [failing] to get additional treatment, such as lack of funds," Aplt. Br. at 20 (citing *Thompson*, 987 F.2d at 1490), the determinative factor here is that there is no indication in the administrative record that plaintiff has ever been diagnosed with a back problem that required any form of extensive evaluation or treatment.

**D. Dr. Wyly's Opinion.**

Dr. Michael Wyly is plaintiff's treating osteopath, and he filled out a "Physical Residual Functional Capacity Evaluation" form for plaintiff. *See* A.R. at 183-85. As noted by the ALJ, in the evaluation form, "Dr. Wyly enumerated specific functional limitations which would restrict [plaintiff] to less than a full range of part time sedentary work."[5] *Id.* at 22. The ALJ rejected Dr. Wyly's opinion, concluding that "[t]he state of the record compels the [ALJ] to neither give Dr. Wyly's opinion controlling weight nor to afford it as much weight as other evidence of record." *Id.* We conclude that the ALJ did not err in rejecting Dr. Wyly's opinion.

---

[5] According to 20 C.F.R. § 416.967(a):

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § . . . 416.927." *Id.* (quotation omitted). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1300-01. After considering these factors, the ALJ must "give good reasons in [the] notice of determination or decision" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (quotations omitted).

In his decision, the ALJ rejected Dr. Wyly's opinion that plaintiff is unable to perform sedentary work based on the following analysis:

> [T]he [ALJ] has very carefully examined claimant's treatment records from Redbird Smith Health Center, where Dr. Wyly is on staff. Although claimant was seen on a frequent basis at the clinic, the [ALJ] has been unable to confirm that Dr. Wyly saw claimant on more than two occasions. . . . Accordingly, claimant's treatment records reflect little in the way of clinical findings or diagnostic tests in support of Dr. Wyly's conclusion that claimant is disabled. Nor did the doctor otherwise provide supportive evidence when he submitted his residual functional capacity evaluation. He did reference remote x-ray findings, but he did not provide the x-ray report. Nor did he provide the results of any other diagnostic tests.
>
> . . . As previously observed, during a period of several years, Dr. Wyly has seen claimant on only a very infrequent basis. Furthermore, the record fails to reflect what treatment, if any, other than medical prescriptions, Dr. Wyly has provided for claimant's complaint of lower back pain. Finally, . . . the undersigned notes that Dr. Wyly is not an orthopedist.
>
> In short, the [ALJ] is unable to give much weight to Dr. Wyly's [opinion] because it is not supported by appropriate clinical and/or laboratory findings, because Dr. Wyly has had a limited "treatment relationship" with claimant, and because Dr. Wyly is not an orthopedic specialist.

A.R. at 22-23.

The ALJ's treating physician analysis is in accordance with the sequential analysis required under the governing regulations and case law, and it is also supported by substantial evidence in the record. Accordingly, we hold that the ALJ did not err in rejecting Dr. Wyly's opinion.

-14-

**E. RFC Assessment.**

Plaintiff claims the ALJ incorrectly assessed her RFC,[6] and that, as a result, the ALJ incorrectly found that she has the capacity to perform jobs that exist in significant numbers in the national economy. In addition, plaintiff claims the ALJ's RFC assessment is flawed because the ALJ posed an incomplete hypothetical question to the vocational expert (VE) during the hearing before the ALJ. We disagree with plaintiff on both points.

Plaintiff's challenge to the ALJ's RFC assessment is based on three arguments: (1) the ALJ erred in failing to include limitations arising from plaintiff's mental impairment; (2) the ALJ erred in concluding that plaintiff's subjective complaints regarding her back pain are not credible; and (3) the ALJ erred in rejecting the opinion of Dr. Wyly. As set forth above, we have rejected each of plaintiff's arguments.

The judgment of the district court is AFFIRMED.

---

[6] According to 20 C.F.R. § 416.945(a), "[a person's] impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [the person] can do in a work setting. [A person's] residual functional capacity is what [the person] can still do despite [his or her] limitations."