**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNESTO A. TRUJILLO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-2294
(D.C. No. CIV-05-1347 DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

      Plaintiff Ernesto A. Trujillo appeals from a district court order affirming

the Social Security Commissioner's decision to deny his applications for social

security disability benefits and supplemental security income payments under

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Titles II and XVI of the Social Security Act.  Exercising our jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we **AFFIRM**.

I.

Mr. Trujillo had been working as a school custodian for eight years when, in mid-2001, he stopped working because of what he described as "severe muscle spasms and lower back pain that cause[d] [his] leg to go numb."[1]  Aplt. App. at 68.  In June 2002, he filed applications for disability benefits and supplemental security income payments alleging a disability onset date of August 15, 2001. The Commissioner denied his applications initially and on reconsideration, and Mr. Trujillo obtained a de novo hearing before an administrative law judge ("ALJ"), which took place on January 19, 2005.  After the hearing, at the request of Mr. Trujillo's attorney, the ALJ sent Mr. Trujillo for a consultative psychological examination, which revealed that Mr. Trujillo suffers from dysthymic disorder, a form of depression, and unspecified cognitive disorders resulting in mild to moderate limitations in various areas of mental functioning. Nonetheless, the ALJ denied Mr. Trujillo's applications because he concluded that despite Mr. Trujillo's back pain and cognitive limitations, he is not disabled within the meaning of the Social Security Act.

---

[1]     Mr. Trujillo also claimed on his disability application that he suffers from disabling migraine headaches.  The Commissioner rejected this claim, however, and Mr. Trujillo does not challenge that particular ruling on appeal.

More specifically, the ALJ found that although Mr. Trujillo suffers from a combination of impairments that are severe, none of them meet or medically equal an impairment contained in the regulatory listings. With respect to Mr. Trujillo's allegations of back pain, the ALJ concluded that the objective medical evidence simply did not support the type of back pain that he described.

> [Mr. Trujillo's] level of subjective complaints and functional limitations are extremely inconsistent with the objective medical evidence and the opinions of his treating sources and are not fully credited. The medical evidence of record fully supports that Mr. Trujillo is physically capable of at least "medium" level work.

*Id.* at 19. The ALJ was particularly influenced by a series of medical records from Mr. Trujillo's treating physician, Dr. Carlos J. Esparza, dating from 2001 to 2004. Those records reflect that Dr. Esparza consistently recommended a conservative course of treatment for Mr. Trujillo's back pain and repeatedly urged him to more faithfully adhere to an exercise regimen. The ALJ also noted that on several occasions after the alleged onset of Mr. Trujillo's disability, Dr. Esparza released him to work, with limitations, and the ALJ also pointed out that X-rays and CT scans of Mr. Trujillo's spine were consistently normal.

With respect to Mr. Trujillo's cognitive abilities, the ALJ found, based on the consultative psychological examination mentioned above, that Mr. Trujillo is moderately limited in his ability: (a) to perform detailed or complex tasks; (b) to work without supervision; (c) to interact with supervisors, co-workers, and the public; and (d) to adapt in the workplace. But he noted that despite these

limitations, Mr. Trujillo appears to engage in a wide range of independent activities. The ALJ also pointed out that Mr. Trujillo hardly mentioned any limitations in his cognitive functioning during the administrative hearing. Based on this evidence, the ALJ found that Mr. Trujillo's vocational prospects are limited to jobs that do not require extensive interaction with others, and that detailed and complex work tasks are likely beyond his capabilities. His ultimate conclusion was that Mr. Trujillo suffers from "'moderate' limitations in concentration, persistence and pace," and he therefore included within his residual functional capacity ("RFC") assessment a restriction to "occupations which involve simple repetitive work tasks." *Id.* at 20.

At step four of the sequential evaluation process, *see* 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv), the ALJ determined that Mr. Trujillo's RFC permitted him to return to his past work as a custodian.

> The evidence establishes that he could return to this occupation as previously performed. In addition, he has the ability to do this job as it is generally performed in the national economy. The exertional demands fall within his physical residual functional capacity and such work is simple in nature and does not require extensive interaction with the public, co-workers, or supervisors.

Aplt. App. at 20. In accordance with these findings, the ALJ concluded that Mr. Trujillo is not disabled within the meaning of the Social Security Act.

Mr. Trujillo appealed the ALJ's decision to the Appeals Council, which denied his request for review. Thus, the ALJ's decision constitutes the final

decision of the Commissioner for purposes of appellate review. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004).

II.

Mr. Trujillo appealed the ALJ's decision to the district court, arguing that the ALJ erred in failing to consult a vocational expert about how his cognitive limitations would affect his ability to perform his past relevant work. More specifically, he argued that the ALJ's finding that Mr. Trujillo can perform simple repetitive work tasks despite his limitations in concentration, persistence, and pace was not adequate to support his conclusion that Mr. Trujillo retains the ability to perform his past duties as a custodian. The district court rejected this argument, and, on August 9, 2006, issued an order affirming the Commissioner's decision.

The court held that the ALJ was not required to consult a vocational expert because he made a proper determination at step four of the sequential evaluation process that Mr. Trujillo could perform his past relevant work. *Cf. Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994) (holding that ALJ was not obligated to consult a vocational expert about other jobs claimant could perform after determining that claimant could perform her past relevant work). The court's determination was bolstered by Mr. Trujillo's failure to identify any cognitive impairments in describing why he quit his custodian job. Rather, he claimed that he quit because of the problems with his back. And even if Mr. Trujillo had

included his cognitive limitations among the reasons for leaving his custodian job, the court concluded that the ALJ had adequately accounted for those limitations in formulating an RFC that required no more than simple, repetitive work tasks. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (holding that description of claimant as capable of doing simple, repetitive jobs adequately accounted for deficiencies in concentration, persistence, and pace). Accordingly, the district court concluded that the ALJ's determination of non-disability at step four was supported by substantial evidence. This appeal followed.

### III.

We must first address the Commissioner's contention that the majority of Mr. Trujillo's appellate arguments have been waived (*i.e.*, forfeited). As a general rule, this court will not consider an issue raised for the first time on appeal. *See Wolfe v. Barnhart*, 446 F.3d 1096, 1103 (10th Cir. 2006) (declining to address argument raised for first time on appeal); *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) (same). Nor will we consider a new theory on appeal, even if it falls under the same general category as an argument raised below. *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996). While we have recognized exceptions to this general rule, the exceptions are rare and generally limited to cases involving questions of jurisdiction, sovereign

immunity, or questions of law that we felt had to be addressed to prevent a miscarriage of justice. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991); *see also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (observing that we "hear issues for the first time on appeal only in the most unusual circumstances"). The decision to take up questions for the first time on appeal is left primarily to this court's discretion, based on the facts of individual cases. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976).

After carefully reviewing Mr. Trujillo's district court brief, we agree with the Commissioner that most of his appellate arguments were not raised below, and we see no reason to invoke an exception to our general waiver rule in this case. We thus conclude that Mr. Trujillo waived his arguments concerning: (a) his sub-standard I.Q. tests; (b) the consulting psychologist's alleged determination that he can work only in a closely-supervised environment; and (c) the physical demands of his past job as a custodian.

We limit our discussion to those issues properly preserved for appellate review, keeping in mind the limited scope of that review in a social security case. We determine only whether the ALJ applied the correct legal standards and whether his factual findings are supported by substantial evidence. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Our review is based on the record taken as a whole. Accordingly, "we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial,

but we neither reweigh the evidence nor substitute our discretion for that of the Commissioner." *Id.* (quotations omitted).

The only issue that Mr. Trujillo properly preserved for our review concerns the ALJ's decision to make a disability determination without the assistance of a vocational expert. Mr. Trujillo argues that in limiting his vocational prospects to jobs with minimal social demands, it was incumbent on the ALJ to find out whether his past job as a custodian provided such an accommodation. The district court addressed this argument at length and concluded that the ALJ was not obligated to resort to vocational expert testimony in light of his other findings. We agree with the district court's well-reasoned analysis of this issue, which we summarized above, and we affirm its decision for substantially the same reasons articulated in its memorandum opinion dated August 9, 2006. We also conclude that Mr. Trujillo waived all of his arguments not specifically addressed in this decision by failing to raise them in the district court. The judgment of the district court is therefore **AFFIRMED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge