**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2008
Decided January 15, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2043

| | |
|---|---|
| GARY D. BURKE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | |
| | No. 06-cv-1312 |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | Joe Billy McDade, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Gary Burke appeals the order of the district court affirming the Social Security Administration's ("SSA") denial of his application for Supplemental Security Income ("SSI") benefits.  Burke contends that the Administrative Law Judge ("ALJ") did not properly evaluate his mental impairments because the ALJ did not complete a Psychiatric Review Technique Form ("PRTF").  Burke also argues for remand and reconsideration of the denial of benefits based on the SSA's grant of SSI benefits for an application he filed after the ALJ's decision in this case.  Because ALJs are no longer required to use a PRTF when assessing an applicant's mental impairments and because the subsequent grant of benefits is not material to the present case, we affirm the decision of the district court.

In 1987 the Social Security Administration found Burke eligible for SSI benefits based on alcohol and drug abuse. Burke's benefits were terminated in 1997, however, due to a decrease in the medical severity of his condition and a change in the Social Security Act prohibiting benefits if drug addiction or alcoholism was a material factor to the determination of disability. *See* 20 C.F.R. §§ 404.315(b). After his benefits ended, Burke filed applications for SSI benefits in 1997 and 1999; both were denied. There is no indication that Burke pursued these applications any further. This case is based on Burke's application for benefits filed in 2000.

Burke suffers from multiple physical and mental limitations, including diabetic neuropathy, chronic obstructive pulmonary disease, a degenerative back condition, learning disabilities, adjustment disorder, and a history of substance abuse. Burke has worked in the past as a tire repairman and as a caregiver in a home for the elderly and disabled but is not currently employed. Burke's primary daily activity is watching TV. He leaves his home as needed to visit friends and keep appointments; sometimes he goes out to eat and rarely he engages in other hobbies, church events, and volunteer activities.

With respect to his mental impairments, Burke has been examined by several psychologists and one psychiatrist. In 2000 psychologist Dr. Joel Eckert diagnosed Burke with adjustment disorder and borderline intellectual functioning with an I.Q. of 70-85. Dr. Eckert concluded that, given his extensive history of substance abuse, Burke would not be able to manage his disability benefits. In 2004 psychologist Dr. Mac Bradley examined Burke and concluded that "he did not have psychological conditions that would significantly impair his ability to perform work-related activities." Later that year Dr. Alvin House found that Burke was "alert and adequately oriented" and had fair concentration, verbal comprehension, and a normal mood. In 2005, in contrast to the findings of Drs. Bradley and House, psychiatrist Dr. Hayng-Sung Yang found Burke to be at 50 on the Global Assessment of Functioning scale, a score that ordinarily means that the individual's mental disorder precludes him from finding and keeping work.

After a hearing in 2002, the ALJ denied Burke's application for SSI benefits. Upon Burke's request for review, the Social Security Appeals Council ("Appeals Council") vacated the ALJ's decision and remanded the case for further development of the record. In 2005 the ALJ held a supplemental hearing on the 2000 application during which Burke and a vocational expert testified. In 2006 the ALJ again denied Burke's application for benefits, finding that he could perform a number of jobs despite his limitations. Specifically, the ALJ found that Burke's physical and mental impairments, while severe, did not meet any of the impairments listed in the regulations, which constitute presumed disabilities. Regarding Burke's mental impairments, the ALJ found that he had mild to moderate limitations in performing daily activities and in maintaining social functioning; he would have difficulty

in concentration, persistence, and pace with complex instructions, but would not be limited in performing simple, repetitive tasks; and he had no record of episodes of deterioration or decompensation when attempting work or in work settings. The ALJ concluded that Burke's residual functional capacity ("RFC") allows him to perform a reduced but significant range of sedentary work that exists in significant numbers in the national economy. The Appeals Council denied Burke's second request for review of the ALJ's decision. Burke filed a request for review in the district court, and in March 2008 the court granted the defendant's motion for summary affirmance and affirmed the ALJ's decision denying benefits.

ALJs follow a five-step analysis when making a determination of disability for SSI benefits. *See* 20 C.F.R. § 416.920(a)(4); *Craft v. Astrue*, 539 F.3d 668, 674-75 (7th Cir. 2008)*; Fast v. Barnhart*, 397 F.3d 468, 469-70 (7th Cir. 2005). On appeal Burke argues that the ALJ in his case erred at step three of the analysis by failing to include a PRTF as required by the regulations and *Stambaugh v. Sullivan*, 929 F.2d 292 (7th Cir. 1991). As a result, he contends, the ALJ did not properly evaluate his mental impairments, and thus the ALJ's conclusion that he could work was flawed. This court defers to the ALJ's factual findings and will affirm the ALJ's decision so long as it is supported by substantial evidence. *See Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007); *Prochaska v. Barnhart*, 454 F.3d 731, 734 (7th Cir. 2006).

In *Stambaugh* this court held that the ALJ's determination that the applicant did not suffer from a mental impairment was in error because the ALJ failed to complete a standard document outlining the steps of the mental impairment assessment. *Stambaugh*, 929 F.2d at 296. But the regulation on which *Stambaugh* relied was subsequently amended to eliminate the requirement of a standard document. *See* 20 C.F.R. § 404.1520a(d); 416.920a(d). This amendment took effect prior to Burke's 2000 application. Now, instead of completing a PRTF, the ALJ only has to document use of the "special technique" set forth in 20 C.F.R. § 416.920a. *See Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)*; Branum v. Barnhart*, 385 F.3d 1268, 1272 (10th Cir. 2004). The technique requires the ALJ to determine if the applicant has a "medically determinable mental impairment," *id* § 416.920a(b)(1), and if so, to rate the applicant's degree of functional limitation in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, *id.* § 416.920a(c)(3). *See Carpenter*, 537 F.3d at 1268; *Branum*, 385 F.3d at n.4. Using the ratings in the four functional areas, the ALJ determines whether the applicant's mental impairments meet a listed mental disorder. *Id.* § 416.920a(d)(2). If the mental impairments do not meet any listed impairment, the ALJ will assess the applicant's RFC, which is then used in steps four and five of the disability analysis. *Id.* § 416.920a(d)(3).

Burke argues that the new rule eliminating the PRTF requirement expired in July 2001, at which time a PRTF once again became mandatory for evaluating mental impairments. Burke points to the rule stating: "The revised adult mental disorders listings (and other listings) in these rules will be effective until July 2, 2001, unless they are extended by the Commissioner or revised and promulgated again." Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,747 (Aug. 21, 2000). The July 2001 expiration date, however, is meant to ensure that the regulation's listing of impairments keeps pace with medical advancements. *See id.* at 50,746. Even if the expiration date applied to the special technique for assessing mental impairments, the Commissioner of Social Security made the mental disorders listings effective until July 1, 2010. *See* Extension of the Expiration Date for Several Body Systems Listings, 73 Fed. Reg. 31,025 (May 30, 2008). The rules, therefore, did not require the ALJ to complete a PRTF before denying Burke's application for benefits.

Finally, Burke does not challenge the ALJ's performance of the special technique to assess his mental impairments. In this case the ALJ properly performed the special technique by rating Burke in the four functional areas and provided a finding as to the degree of limitation in each of the areas. *See Craft*, 539 F.3d at 675. The ALJ concluded that Burke's substance abuse and learning disorder did not meet a listed impairment and thus continued to steps four and five of the disability analysis to determine Burke's RFC. The ALJ found that Dr. Yang's assessment of Burke as extremely limited in performing work activities was inconsistent with medical evidence and Burke's own testimony. *See Bradley v. Astrue*, 528 F.3d 1113, 1115-16 (8th Cir. 2008); *Reed v. Barnhart*, 399 F.3d 917, 920-23 (8th Cir. 2005); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). In addition, the ALJ also found that Dr. Yang's examination most likely coincided with one of Burke's drinking binges, which, by contributing to Dr. Yang's diagnosis, would be a material factor precluding a finding favorable to Burke. (ALJ Decision 1/27/2006 at 8.) In sum, the ALJ properly performed the special technique to assess Burke's mental impairments.

After filing his appellate brief, Burke filed a Motion to Take Judicial Notice of Inconsistencies. In this motion, Burke contends that the SSA granted him disability benefits based on a 2007 application and, thus, its earlier decision denying him benefits must have been in error. This argument fails for two reasons. First, Burke failed to move for remand on the basis of new evidence under sentence six of 42 U.S.C. § 405(g) in the district court and as a result waived the right to request such relief before this court. Second, Burke's argument is not supported by the unpublished district court case he cites. In that case, *Martin v. Astrue*, No. 07-cv-1036 (C.D. Ill. May 29, 2008), the court remanded the denial of benefits for further consideration by the SSA because the benefits granted for a later application began retroactive to one day after the ALJ's decision denying benefits on the first application. Even if *Martin* were controlling, the circumstances of Burke's denial of

benefits differ from that case.  Burke did not show that he received retroactive benefits based on his 2007 application.  Indeed the only documentary evidence Burke submitted regarding his subsequent benefits shows benefits going back only to July 2008, more than two years after the ALJ's decision denying benefits.  Therefore, any evidence that Burke submitted in his 2007 application for benefits is not material to the denial of his 2000 application, and remand is unnecessary based on the SSA's subsequent grant of benefits.

AFFIRMED.