FILED
United States Court of Appeals
Tenth Circuit

May 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FELICIA A. LANKFORD,

      Plaintiff − Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant − Appellee.

No. 14-5140
(D.C. No. 4:13-CV-00149-TCK-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

Felicia A. Lankford appeals a district court order affirming the

Commissioner's denial of disability and supplemental security income benefits. We

have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Lankford claimed she was disabled in 2009 after being involved in a car accident in 2002. At a hearing before an administrative law judge (ALJ), she testified that she suffered a broken pelvis that was surgically repaired with plates and screws. Although she was confined to a wheel-chair for three months following the surgery, she returned to her job as a certified nursing assistant within two months. She also worked full-time for several years as a manager at a fast-food restaurant. She continued to experience pain throughout her hips and back, however, and thus in 2010, she applied for benefits.

Based on this and other evidence, the ALJ determined that Ms. Lankford was severely impaired by surgically repaired pelvic fractures but she nevertheless retained the residual functional capacity to perform certain light work, including her past relevant work as a fast-food manager. Alternatively, the ALJ determined that she could successfully transition to other jobs existing in the regional and national economies. Thus, the ALJ concluded at step four and, alternatively, at step five of the five-step sequential evaluation process that Ms. Lankford was not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (explaining five-step evaluation process); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (same). The Appeals Council accepted additional evidence but ultimately denied review.

Ms. Lankford then brought this suit, raising the same three issues she advances on appeal: (1) the ALJ selectively evaluated the evidence by ignoring or minimizing

a mental impairment and the opinion of a consultative examiner; (2) the ALJ ignored or minimized evidence of her "non-severe or medically non-determinable impairments," Aplt. App., Vol. 1 at 20; and (3) the ALJ failed to link his adverse credibility finding to substantial evidence. The district court affirmed the denial of benefits, and this appeal followed.

## II

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

Ms. Lankford first contends the ALJ selectively evaluated the evidence by ignoring or minimizing the opinion of a consultative examiner, Dr. Donald Cohen. The ALJ gave Dr. Cohen's opinion little weight because it was both internally inconsistent and inconsistent with substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4) (explaining that the more evidence a medical source provides to support an opinion, and the more consistent the opinion is with other evidence in the record, the more weight will be afforded to that opinion). Although Ms. Lankford correctly points out that an ALJ "may not pick and choose among medical reports, using portions of the evidence favorable to his position while

- 3 -

ignoring other evidence," *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (internal quotation marks omitted), that did not happen here.

Rather, as the ALJ recognized, Dr. Cohen's opinion was internally inconsistent because the limitations he assessed did not comport with his exam findings. Although he noted several areas in which Ms. Lankford exhibited a restricted range of motion, he also observed that she had a normal gait and could get on and off the exam table without assistance or difficulty. Most of her other tests were normal. *See, e.g.*, Aplt. App., Vol. 2 at 201 ("Thoracolumbar spine revealed some tenderness, [but] no guarding, muscle spasm or radiating pain with movement."); *id.* (finding "no lower extremity muscle loss," "no sensory deficits from C3-C8," and "no upper extremity muscle loss or weakness"); *id.* at 203-06 (finding pain, tenderness, and some restricted range of motion in cervical and lumbar spine but normal functioning in majority of other areas, including walking, lumbar strength, and deep tendon reflexes). Yet despite these findings, Dr. Cohen believed that Ms. Lankford had significantly limited employment options due to her impaired abilities to lift, sit, bend, stand, move her neck, concentrate and/or perform hazardous activities.[1] Dr. Cohen's exam findings provided little support for these restrictions.

---

[1]   To the extent Dr. Cohen assessed Ms. Lankford's ability to work, that opinion is not binding, because the determination of a claimant's disability status is reserved to the Commissioner. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).

There was also little support for Dr. Cohen's opinion elsewhere in the medical record. Ms. Lankford saw Dr. Henry Wittenberg for severe back pain in January 2010 and reported that she had not been treated in a year since losing her insurance. She was prescribed pain medication and returned the next month feeling relieved and more productive. A year later, in February 2011, Ms. Lankford went to the emergency room for acute muscle spasm and thoracic pain. Her physical exam indicated normal range of motion but severe tenderness from the mid-thoracic to lumbar areas. Yet her motor strength in the lower extremities was intact, as was her sensory exam and patellar and Achilles reflexes. Thus, she was discharged home in a non-emergent condition. Later that month, Ms. Lankford saw Dr. Helen Franklin, who assessed chronic pain trauma and anxiety but otherwise made no findings regarding her functional restrictions. In April 2011, Ms. Lankford was treated at the emergency room following a syncopal episode. At that time, she was negative for back pain and had normal range of motion. Then in October 2011, Ms. Lankford saw Dr. Franklin for thoracic, abdominal, and chest pain.

The ALJ evaluated this evidence and recognized it did not support the significant restrictions proffered by Dr. Cohen. Moreover, the ALJ noted that no treating physician had found similar restrictions. *See Newbold*, 718 F.3d at 1266 (recognizing that ALJ may discount physician's opinion that is inconsistent with other medical evidence from the relevant time period). Hence, the ALJ gave greater weight to the opinions of two agency physicians who agreed that Ms. Lankford could

lift and carry twenty pounds occasionally and ten pounds frequently; she could stand, walk, or sit for six hours in an eight-hour workday; and she could push or pull without any postural limitations. We have no authority to reweigh this evidence. *See Lax*, 489 F.3d at 1084.

Ms. Lankford also contends the ALJ ignored evidence of a mental impairment. But a "mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. Apart from Ms. Lankford's testimony that she experienced anxiety, the only evidence of an alleged mental condition is Dr. Franklin's note diagnosing anxiety, apparently based on Ms. Lankford's own report of feeling stress and anxiety. *See* Aplt. App., Vol. 2 at 250. Otherwise, there are only sporadic indications that she stopped taking anti-anxiety medication. Such fleeting references fail to establish a medically determinable impairment. *See* 20 C.F.R. §§ 404.1528, 416.928 (providing that a claimant's statements alone are insufficient to establish mental impairment); *Wall v. Astrue*, 561 F.3d 1048, 1064 n.23 (10th Cir. 2009) ("[A] vague notation—in [the] context of the entire record— cannot represent evidence Claimant suffered from a cognitive disorder that is *substantial on its face*."). Ms. Lankford suggests the ALJ should have developed this aspect of the record further, but she never raised the issue to the ALJ. *See Wall*, 561 F.3d at 1063 (requiring claimant to raise a substantial issue to trigger ALJ's duty to develop the record). And in any event, the ALJ considered this evidence.

Turning to Ms. Lankford's second issue on appeal, she makes the substantially similar argument that the ALJ ignored or minimized her "non-severe or medically non-determinable impairments," which she contends resulted in errors at steps two through five of the evaluation process. Aplt. Br. at 28. But the only other symptoms she identifies are her neck and back pain, which the ALJ extensively discussed. Although Ms. Lankford asserts the ALJ should have evaluated these symptoms as non-severe but "objectively verified neck and back *impairments*," *id.* (emphasis added), the argument is meritless because "[n]o symptom or combination of symptoms by itself can constitute a medically determinable impairment," SSR 96-4p, 1996 WL 374187, at *2 (July 2, 1996). Thus, the ALJ properly evaluated Ms. Lankford's pain as a symptom of her severe impairment—the surgically repaired pelvic fractures—not as an independent impairment.

Finally, Ms. Lankford contends the ALJ failed to link his adverse credibility finding to substantial evidence. She initially insists the record does not support the ALJ's credibility finding, but her argument effectively asks us to reweigh the evidence, which we cannot do. She also asserts the ALJ discredited her testimony based on her daily activities without discussing other relevant factors. To evaluate a claimant's credibility in this regard, an ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical and nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other

witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004) (internal quotation marks omitted).

The ALJ did indeed cite Ms. Lankford's daily activities, which included driving her children to school, cooking (albeit while sitting), cleaning, caring for her dogs, shopping, and attending Girl Scout meetings. But the ALJ also cited the effectiveness of her medications, her infrequent attempts to obtain treatment, and the fact that she had worked full-time for years following her accident and surgery. The ALJ appropriately considered these factors in tying his adverse credibility finding to substantial evidence. Although Ms. Lankford challenges the ALJ's observation that she had "not generally received the type of medical treatment one would expect for a totally disabled individual," Aplt. App., Vol. 2 at 21, the ALJ's discussion of the relevant credibility factors demonstrates that he did not discredit her testimony based solely on speculation. And, while the ALJ did not individually address each factor, there was no need for "a formalistic factor-by-factor recitation of the evidence," *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

III

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

- 8 -