**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROBERT ORSO,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 15-7077
(D.C. No. 6:14-CV-00408-FHS-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Robert Orso appeals from the district court's judgment affirming the denial of

his application for disability insurance and supplemental security income benefits.

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

**I. Background**

Mr. Orso sought benefits due to his major depression disorder, post-traumatic

stress disorder, bipolar disorder, paranoia, anxiety, memory problems, congestive

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

heart failure, chronic obstructive pulmonary disease, and heart attacks. After his application was denied initially and on reconsideration, he received a video hearing before an administrative law judge ("ALJ"), at which Mr. Orso and a vocational expert ("VE") testified.

The ALJ found at step two of the five-step evaluation process used to assess social security claims, *see Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007), that Mr. Orso had five severe impairments: "personality disorder, bipolar disorder, coronary artery disease, hypertension, and generalized anxiety," Aplt. App., Vol. 1 at 30. At step three of the evaluation process, the ALJ applied the special technique for evaluating the severity of mental impairments by rating Mr. Orso's level of impairment in four functional areas. *See* 20 C.F.R. §§ 404.1520a, 416.920a (describing special technique). The ALJ determined Mr. Orso had no extreme or marked limitations but did have moderate difficulties in both the areas of social functioning and of concentration, persistence, and pace; a mild restriction in activities of daily living; and no episodes of decompensation.

Based on those determinations and the other evidence in the record, the ALJ found that Mr. Orso had the residual functional capacity ("RFC") "to perform medium work . . . except limited to simple tasks with some detail and occasional contact with coworkers, supervisors and the general public." Aplt. App., Vol. 1 at 32. The ALJ then determined Mr. Orso was not disabled at steps four and five of the evaluation process because he could perform his past relevant work as a dry cleaner helper and there were also other jobs in the national economy he was able to perform

2

such as press machine operator and janitor. In making these findings, the ALJ relied in part on the testimony of the VE, who answered the ALJ's hypothetical questions about the types of jobs Mr. Orso could perform.

The Appeals Council denied review, and the district court affirmed. On appeal, Mr. Orso argues the RFC is not supported by substantial evidence because it fails to account for his anxiety and is not expressed in terms of work-related functions. He also argues the ALJ erred in assessing his credibility.

## II. Analysis

We review de novo the district court's ruling in a social security case and "independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks omitted). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## A. RFC Assessment

Mr. Orso argues that the RFC does not include appropriate limitations to account for his anxiety, and that the hypothetical questions posed to the VE were erroneous. However, the limitations incorporated into Mr. Orso's RFC assessment directly address the areas in which the ALJ found he had moderate difficulties. His

3

moderate difficulty with social functioning is encompassed by the limitation of "occasional contact with coworkers, supervisors and the general public." Aplt. App., Vol. 1 at 32. His moderate difficulty with concentration, persistence, and pace is encompassed by the limitation of work involving "simple tasks with some detail." *Id.* Moreover, an "ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil*, 805 F.3d at 1203.

Mr. Orso's contention that his RFC is not expressed in work-related functions lacks merit. He fails to explain specifically what additional limitations were needed based on his anxiety or any other impairment. To the extent he argues that the RFC should have included limitations to account "for the reality of anxiety attacks occurring on the job," Aplt. Opening Br. at 9, this argument is misplaced given the absence of any evidence that Mr. Orso actually suffered from anxiety attacks. He did not mention anxiety attacks at all in the paperwork he submitted to the agency or at his hearing before the ALJ. He points to no evidence that he ever had such an attack or even that he received a diagnosis that he was likely to suffer from such an attack. Indeed, at least one medical report in the record strongly suggests his anxiety was not a significant issue: "The anxiety remains stable. The patient denies any panic episodes, loss of concentration, or loss of coping ability. No complications noted from the medication presently being used." Aplt. App., Vol. 2 at 311.

4

"The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Not only does Mr. Orso fail to make any showing that he actually suffered from anxiety attacks, he also makes no showing or argument as to how the RFC limitations would need to be changed to address symptoms stemming from his anxiety or any of his other impairments.

Mr. Orso's contention that the ALJ's hypothetical questions to the VE were improper is unpersuasive. The hypothetical questions were appropriately based on the RFC assessment, which we have already concluded was not erroneous. Although Mr. Orso seems to argue that the limitations the ALJ propounded to the VE were inadequate to address his impairments found to be moderate by the ALJ, he fails to describe any functions he could not perform which would preclude him from the jobs identified by the VE. After the VE summarized four jobs Mr. Orso previously held, the ALJ's first hypothetical question asked her to consider an individual who had performed that past work and could perform medium work but would be "limited to simple tasks with some detail [and] to just occasional contact with co-workers and supervisors." Aplt. App., Vol. 1 at 58. The VE responded that the individual would be able to perform past work as a dry cleaner helper. The ALJ's second hypothetical question asked the VE to assume all of the same limitations in the first hypothetical, adding that the individual would be able to have "only occasional contact with the general public." *Id.* The VE responded that the individual would be able to work as

5

a dry cleaner helper, press machine operator, or janitor.  Mr. Orso offers no explanation as to why an individual with only moderate difficulties in social functioning and concentration, persistence, and pace would be precluded from performing these jobs.  As discussed above, Mr. Orso presented no evidence that he suffers from anxiety attacks.  Consequently, his argument that a person suffering from such attacks would be precluded from performing these jobs is unavailing.

Mr. Orso's citation to unpublished cases and cases from other jurisdictions is unpersuasive.  For the reasons given above, we conclude the RFC is supported by substantial evidence in the record and find no error.

## B.  Credibility Determination

The ALJ found Mr. Orso's statements about the severity of his symptoms only partially credible, stating:

> After careful consideration of the evidence, the undersigned finds that [Mr. Orso's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

Aplt. App., Vol. 1 at 33.  Mr. Orso argues that the ALJ erred in how it assessed his credibility.  We disagree.

"[An] ALJ's credibility findings warrant particular deference."  *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001).  Although the portion the ALJ's decision cited above relies on boilerplate language, "use of such boilerplate is problematic only when it appears in the absence of a more thorough analysis."

6

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170 (10th Cir. 2012) (internal quotation marks omitted). "[S]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a formalistic factor-by-factor recitation of the evidence." *Id.* at 1167 (internal quotation marks omitted).

Here, the ALJ evaluated Mr. Orso's claims of disabling limitations in the context of the entire record, noting his "wide range of activities of daily living, his relatively conservative medical treatment with outpatient counseling and medication, his mild medical signs of physical limitations, his moderate medical signs of mental limitations, and the four opinions of the State agency medical consultants." Aplt. App., Vol. 1 at 34-35. At the hearing, the ALJ asked Mr. Orso to explain the primary reason he was unable to work full time. He responded that he had trouble "[d]ealing with people" and "fitting into the cultures of the jobs that [he'd] had." *Id.* at 47. He also testified that he had problems with losing his temper too easily and "[n]ot smiling and being bubbly." *Id.* at 48. We conclude there is sufficient evidence in the record to support the ALJ's determination that Mr. Orso overstated the limiting effects of his symptoms, and "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

## III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge