FILED

United States Court of Appeals
Tenth Circuit

March 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY D. BALES,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 09-3104
(D.C. No. 2:07-CV-02517-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Larry D. Bales appeals the Commissioner's denial of benefits, claiming an

Administrative Law Judge (ALJ) (1) failed to account for all of his impairments;

(2) inaccurately assessed his residual functional capacity (RFC) by omitting his

treating physician's opinion; (3) wrongfully discredited his allegations of pain;

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and (4) improperly relied on the testimony of a vocational expert (VE). We exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

## I

Mr. Bales alleged he was disabled by problems associated with his elbows and back. After an administrative hearing, an ALJ determined that Mr. Bales was impaired by degenerative joint disease of both elbows; degenerative disc disease/degenerative joint disease of the back; and carpal tunnel syndrome, status post release, but these impairments were not sufficiently severe to meet or equal a listed impairment. Hence the ALJ concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Mr. Bales was not disabled because he retained the RFC to perform a significant range of light work. The Appeals Council denied review, and the district court affirmed. Now on appeal, Mr. Bales contends the ALJ did not account for specific impairments, omitted his treating physician's opinion from the RFC, discredited his complaints of pain, and elicited unreliable testimony from the VE.

## II

We review the ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotation omitted). "We consider whether the ALJ followed the specific

-2-

rules of law that must be followed in weighing particular types of evidence . . . , but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (quotation omitted). The ALJ's decision is "evaluated based solely on the reasons stated," as we will not "overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (quotation omitted).

A. Impairments

We begin with Mr. Bales' contention that the ALJ failed to evaluate all of his impairments. He acknowledges the ALJ considered his degenerative joint disease of both elbows, degenerative joint and disc disease of the back, and carpal tunnel syndrome, but asserts the ALJ did not account for several other diagnoses. *See* Aplt. Br. at 32-33. This argument fails, however, because the diagnoses to which Mr. Bales refers are medical findings that contribute to the same impairments considered by the ALJ. *See generally* 20 C.F.R. § 404.1508 ("impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques"). And each finding was specifically accounted for by the ALJ in his recitation of the evidence. *See* 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision that you are disabled."). Indeed, the ALJ recognized that Mr. Bales had

-3-

"bilateral medial and lateral epicondylitis," ROA, Vol. II at 24, "diffuse spondylosis . . . and multiple bulging discs with mild to moderate foraminal stenosis and central protrusion of the L5-S1," and "bilateral ulnar entrapment neuropathies," *id.* at 26, to name a few. On this record, Mr. Bales' contention is meritless.

B. RFC and the Treating Physician Rule

Next Mr. Bales contends the ALJ inaccurately assessed his RFC by omitting limitations imposed by his treating physician, Dr. James Hamilton. Dr. Hamilton was one of many physicians who treated Mr. Bales, and, during the course of his treatment, he issued a variety of opinions, including his belief that Mr. Bales was permanently disabled. He also indicated on a Medical Source Statement (MSS) that in an eight-hour workday, Mr. Bales could sit no more than two hours, stand or walk no more than two hours, and must rest for four hours, without lifting any weight or using his hands or arms for reaching, handling, or fingering. The ALJ rejected the MSS and assessed an RFC that allowed Mr. Bales to lift, carry, push, or pull ten pounds frequently and twenty pounds occasionally; sit or stand and walk for six hours in an eight-hour workday; and occasionally balance, stoop, kneel, or crouch. Mr. Bales also was restricted from climbing ladders, ropes, or scaffolding, and performing hard grasping with his dominant hand, although he had no fine manipulative limitation. Mr. Bales contends this RFC is not supported by substantial evidence because the ALJ

rejected Dr. Hamilton's opinion, which was entitled to controlling weight by virtue of his status as a treating physician.

Initially, Dr. Hamilton's belief that Mr. Bales was permanently disabled is not dispositive because, as the ALJ recognized, that issue is reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). With regard to the particular limitations expressed in the MSS, the treating physician rule generally accords "greater weight to the opinions of [doctors] who have treated the claimant than . . . those who have not." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). So long as an "opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record," a treating physician's opinion is entitled to controlling weight. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). But if either requirement is not met, the ALJ must decide whether to assign the opinion some lesser weight or reject it altogether based on the factors enumerated at 20 C.F.R. § 404.1527(d). *See Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007).[1]

---

[1] These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

(continued...)

The ALJ here acknowledged that Dr. Hamilton was arguably a treating physician, but he declined to accord the MSS any weight because its limitations were unsupported by Dr. Hamilton's own recommendations. *See id.* at 1078 ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotation omitted)). In articulating "specific, legitimate reasons" for rejecting the MSS, *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation omitted), the ALJ explained that Dr. Hamilton did not see Mr. Bales from December 2001 through March 2004 on account of positive results from a left epicondylar release he performed. After their March 2004 appointment, however, Dr. Hamilton believed Mr. Bales was permanently and totally disabled, despite stating only that Mr. Bales could not continue working as a heavy laborer. Dr. Hamilton also declined to prescribe pain medication and instead instructed Mr. Bales to perform hand-strengthening exercises. Additionally, Dr. Hamilton delineated a multitude of restrictions in the MSS, but his October 2004 exam primarily revealed elbow limitations. And, while other physicians resisted Mr. Bales' efforts to be certified as disabled, Dr. Hamilton yielded. This explanation provides an adequate rationale for

[1](...continued)
      specialist in the area upon which an opinion is rendered; and
      (6) other factors brought to the ALJ's attention which tend to support
      or contradict the opinion.

*Pisciotta v. Astrue*, 500 F.3d 1074, 1077-78 (10th Cir. 2007).

rejecting the MSS based on the factors of § 404.1527(d). *See Oldham v. Astrue*,

509 F.3d 1254, 1258 (10th Cir. 2007).

Mr. Bales contends this explanation substitutes the ALJ's opinion for

Dr. Hamilton's to achieve a greater RFC, but the record confirms that the RFC

was predicated on substantial evidence. Mr. Bales asserts the ALJ should have

recontacted Dr. Hamilton to clarify his opinion, *see* 20 C.F.R. § 404.1512(e), but

nothing suggests that the evidence the ALJ received from Dr. Hamilton was

inadequate or incomplete. *See White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir.

2001). The ALJ correctly evaluated Dr. Hamilton's opinion, and though there is

evidence that Mr. Bales experiences difficulty with his arms and back, it is not

our function to reweigh that evidence.

C. Credibility

Mr. Bales also contends, as best we can tell, that the ALJ relied on

improper grounds to discredit his allegations of pain and his wife's testimony.

Our review of the record and the ALJ's decision, however, confirms that the ALJ

considered appropriate factors in finding that Mr. Bales was "exaggerating his

symptoms and problems." ROA, Vol. II at 29.

The credibility of a claimant's pain allegations should be evaluated based

on the following factors:

> the levels of medication and their effectiveness, the extensiveness of
> attempts (medical or nonmedical) to obtain relief, the frequency of
> medical contacts, the nature of daily activities, subjective measures

-7-

of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004) (quotation omitted). These factors were considered by the ALJ. Indeed, the ALJ observed that Mr. Bales' physicians generally refused his requests for narcotics, suggesting that his condition did not warrant serious pain medication. The ALJ also noted that despite his claims of disability, Mr. Bales enjoyed nearly two years of good results from his surgery, while his back condition was relieved by injections. He also received no treatment, other than a single diagnostic study, during the seven months preceding his administrative hearing. Moreover, while Mr. Bales sought to be certified as disabled by his doctors, a consultative examiner found no significant clinical abnormalities and restricted him only from unreasonable lifting.

Additionally, the ALJ found inconsistencies between Mr. Bales' testimony and his reported daily activities, which included household chores, mowing, and cooking. The ALJ also found that Mr. Bales' professed ability to perform mechanical work and odd jobs, as well as care for his grandson, did not support his claims of being unable to stand or walk, sit for more than forty-five minutes, or walk more than thirty to forty feet. Further, Mr. Bales reported differing accounts concerning his ability to sleep and testified to significant post-operative,

upper extremity limitations, contrary to substantial medical evidence indicating no such degree of weakness. Finally, the ALJ found that Mr. Bales' wife offered her own inconsistent testimony. This recitation of the inconsistencies in the record not only demonstrates that the ALJ relied on proper grounds to make his adverse credibility finding, but also that the credibility finding is supported by substantial evidence.

D. Vocational Expert's Testimony

Lastly, Mr. Bales challenges the VE's testimony. He first contends the hypothetical question posed to the VE inaccurately omitted Dr. Hamilton's restrictions. This argument has no merit, however, because we have already concluded that the restrictions identified in the MSS were not supported by the record. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (holding that hypothetical questions "must reflect with precision all of [the claimant's] impairments, but they need only reflect impairments and limitations that are borne out by the evidentiary record" (citation omitted)). He also contends the VE offered an alternative occupation that does not exist in the Dictionary of Occupational Titles (DOT), that of "gate guard; DOT code 272.667-038." ROA, Vol. II at 339. This argument relies on an apparent misstatement by the VE, however, as the DOT code for a gate guard is 372.667-030. Finally, Mr. Bales asserts the VE propounded jobs that exceed his educational and communication abilities. But the VE assumed an eighth grade skill-level, and when asked by the

ALJ if there were any conflicts between her testimony and the DOT descriptions, indicated there were none.  *See Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009) (explaining ALJ's duty to inquire about and resolve any conflicts between the VE's testimony and a DOT job description).  To the extent Mr. Bales suggests any further error, his failure to develop the argument obviates our need to consider it.  *See Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge