**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH EARLEY,

Defendant - Appellant.

No. 11-8007
(D.C. No. 2:10-CR-00126-WFD-1)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

I.      **Introduction**

Kenneth Earley was convicted of conspiracy to possess with intent to distribute,

and to distribute, methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and

(b)(1)(B). The United States District Court for the District of Wyoming sentenced him to

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

151 months' incarceration. Earley now appeals his sentence, arguing it is unreasonable.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **AFFIRMS**.

## II. Background

In May 2010, the grand jury for the District of Wyoming charged Earley with conspiring to possess with intent to distribute, and to distribute, more than fifty grams of methamphetamine. The charge initially carried a mandatory minimum sentence of five years' imprisonment and a maximum sentence of forty years. 21 U.S.C. § 841(b)(1)(B). The government subsequently filed notice, under 21 U.S.C. § 851, that Earley had previously been convicted of felony delivery of cocaine, in violation of Wyo. Stat. §§ 35-7-1031(a)(i) and 35-7-1016(b)(vi). This prior conviction constituted a felony drug offense within the meaning of 21 U.S.C. § 841(b)(1)(A), and the minimum mandatory sentence for Earley's conspiracy charge was thus increased to ten years' imprisonment, with a maximum sentence of life imprisonment.

Earley ultimately pleaded guilty to the charged conspiracy count under an agreement with the United States. The presentence report (the "PSR") determined Earley's base offense level to be twenty-six. This base offense level was then increased to thirty-seven upon the PSR's conclusion that Earley qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). The career offender enhancement applies if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a

crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). There was no dispute that Earley was over eighteen years old at the time he committed the instant conspiracy, or that the conviction constituted a controlled substance offense. The two predicate offenses identified by the PSR in satisfaction of the third requirement in § 4B1.1(a) were the felony delivery of cocaine conviction and a 1996 conviction for "Felony Interference with a Peace Officer," in violation of Wyo. Stat. § 6-5-204(b).[1] After applying the career offender enhancement, the PSR reduced Earley's offense level by three levels in recognition of his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), yielding a total offense level of thirty-four.

Earley's criminal history, as summarized by the PSR over the course of twenty-eight pages, was determined to provide forty-six countable criminal history points. This was reduced to 39, however, in light of U.S.S.G. § 4A1.1(c), which prohibits counting more than four one-point offenses. An additional two criminal history points were then added pursuant to the then-effective U.S.S.G. § 4A1.1(e) because Earley had committed the underlying offense within two years of his most recent release from custody. *See* U.S.S.G. § 4A1.1(e) (2010) (directing the addition of "2 points if the defendant committed the instant offense less than two years after release from imprisonment").

---

[1] The statute provides: "[a] person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is guilty of a felony punishable by imprisonment for not more than ten (10) years." Wyo. Stat. § 6-5-204(b).

These calculations yielded forty-one total criminal history points, placing Earley into Criminal History Category VI.  Combined with his total offense level of thirty-four, the PSR calculated Earley's guideline sentencing range to be 262-327 months' imprisonment.

Earley objected to the PSR's application of the career offender enhancement, and submitted a sentencing memorandum arguing that application of § 4B1.1's career offender provisions produced an unreasonable sentence.  He proposed that the mandatory minimum sentence of 120 months, prior to any further reductions under U.S.S.G. § 5K1.1, would more closely satisfy the aims of 18 U.S.C. § 3553.  After considering Earley's objections and cited authorities, the district court rejected his position and adopted the recommendations of the PSR.  The government then recommended a five-level downward departure under U.S.S.G. § 5K1.1 to reflect Earley's substantial assistance in another prosecution, and the imposition of a bottom-of-the-guideline-range sentence.  This recommendation was accepted by the court, lowering Earley's offense level to twenty-nine and his guideline sentencing range to 151 – 183 months.  After concluding that no other § 3553(a) factors militated in favor of a further reduction in Earley's sentence, the district court imposed a sentence of 151 months' imprisonment. Earley now appeals, contending the sentence imposed was unreasonable.

## III.    Discussion

"After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220

(2005), this court reviews sentences for reasonableness." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (quotation omitted). The procedural aspect "focuses on whether the district court committed any error in calculating or explaining the sentence," while review for substantive reasonableness focuses on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotations and citations omitted).

Earley's submissions fail to distinguish between procedural and substantive unreasonableness. Instead, he argues simply that his sentence was "unreasonable" because the district court applied the offense level enhancement provided by U.S.S.G. § 4B1.1 in determining that sentence. Because he nowhere disputes the fact of his prior convictions, or that they constitute predicate offenses sufficient to trigger application of § 4B1.1's career offender designation, it is evident that Earley's appeal challenges only the *substantive* reasonableness of his sentence.[2] "When reviewing a sentence for substantive

---

[2] To the extent Earley in fact intended to challenge the procedural reasonableness of his sentence, his failure to "make any argument or cite any authority to support" such position renders the argument waived. *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996); *see, e.g,. United States v. Hamilton*, 510 F.3d 1209, 1218 n.5 (10th Cir. 2007) (considering challenge to substantive reasonableness of sentence waived where defendant failed to make any argument in support of such challenge). Such argument would be unlikely to succeed in any event, in light of Earley's concession before the district court that his prior felony convictions placed him within § 4B1.1's career offender category on a "technicality."

reasonableness, this court employs the abuse-of-discretion standard, a standard requiring substantial deference to district courts." *Id.* (citation and quotations omitted). Because Earley's sentence fell within the advisory guidelines range, it is, moreover, presumed to be reasonable. *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010).

The crux of Earley's argument is that the felony convictions relied on by the district court in support of its application of the § 4B1.1 career offender enhancement were relatively minor. His conviction for felony delivery of cocaine, for example, involved only 1.8 grams of cocaine, and the police officer he attacked in his felonious interference with a peace officer conviction was allegedly uninjured.[3] Furthermore, the crimes underlying these convictions were committed within several months of each other, when Earley was merely twenty-six years old, and his sentences were served concurrently. Citing our opinions in *United States v. Pruitt*, 502 F.3d 1154 (10th Cir. 2007), and *United States v. Bowser*, 941 F.2d 1019 (10th Cir. 1991), for support, Earley contends the foregoing considerations demonstrate he is not within the class of career criminals singled out by Congress for enhanced sentencing and that the district court should have exercised its discretion under 18 U.S.C. § 3553(a) to impose a less severe sentence.

---

[3] Although it is irrelevant under Wyo. Stat. § 6-5-204(b) whether the peace officer victimized in this crime was in fact injured by Earley's attack, *see supra* note 1, the PSR contradicts Earley's claim, noting that the peace officer suffered an unspecified injury.

Earley's criminal history, however, is unlike that of the defendant in *Bowser*, which was limited to the predicate offenses. *See* 941 F.2d at 1023. Earley has amassed an astounding criminal history over the course of his life, leading to forty-six total criminal history points. From his first felony conviction at age eighteen for two counts of vehicle theft, through his most recent arrest at age thirty-nine, Earley's life has embodied lawlessness and criminality. In addition to his convictions for conspiracy to possess and distribute methamphetamine, cocaine delivery, and felony interference with a peace officer, Earley has been convicted of theft, battery, assault, resisting arrest, possession of marijuana, driving under the influence, public intoxication, larceny, shoplifting, criminal trespass, and domestic violence. In short, Earley falls precisely within "the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate" singled out by Congress in §4B1.1. U.S.S.G. § 4B1.1 cmt. background.

Earley has not overcome the presumption that his within-guideline sentence is unreasonable. Although he contends the district court failed to give enough weight to the § 3553(a) factors other than the guidelines range, Earley fails to explain how any of those factors would require a more lenient sentence in light of his *full* criminal history. The sentence ultimately imposed upon him represents the lowest possible sentence within the guidelines range, and there are no legitimate grounds upon which to challenge its reasonableness.

**IV.    Conclusion**

For the reasons stated above, the sentence imposed by the district court is

AFFIRMED.

ENTERED FOR THE COURT


MICHAEL R. MURPHY
Circuit Judge