FILED
United States Court of Appeals
Tenth Circuit

April 6, 2015

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

TERESA ANN PICKUP,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

Defendant - Appellee.

No. 14-5095
(D.C. No. 4:13-CV-00210-JED-PJC)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO**, and **MATHESON**, Circuit Judges.

Teresa Pickup appeals a district court order upholding the denial of her claim

for social security disability benefits. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

An Administrative Law Judge ("ALJ") found Pickup not credible and therefore denied her benefits at steps four and five of the evaluative process for disability determinations. See Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). On the first three steps, the ALJ concluded that Pickup had not engaged in substantial gainful activity since March 16, 2010, the onset date of her degenerative disc disease, an impairment which is not equal to any presumptively disabling impairment. On step four, the ALJ found that Pickup had the residual functional capacity ("RFC") for light work, "limited to occasional crouching or stooping and . . . never climb[ing] ladders/ropes/scaffolds or reach[ing] overhead." The ALJ "d[id] not discount all of [her] complaints," yet nevertheless concluded that her claims about the "intensity, persistence and limiting effects of [her] symptoms [we]re not credible." Pickup could do her past work as a cashier, the ALJ found, as well as other work in the national economy. Accordingly, the ALJ found her not disabled on both steps four and five.

The Appeals Council denied review of the ALJ's decision, making that decision the Commissioner's final decision for purposes of judicial review. Krauser v. Astrue, 638 F.3d 1324, 1327 (10th Cir. 2011). Pickup filed suit. The district court adopted a magistrate judge's report and recommendation concluding that two of the reasons for the ALJ's credibility determination were unfounded, but affirming the denial of benefits based on other reasons. Pickup timely appealed.

## II

"We independently review the [ALJ's] decision to determine whether it is free from legal error and supported by substantial evidence . . . ." Id. at 1326. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Frantz v. Astrue, 509 F.3d 1299, 1300 (10th Cir. 2007) (quotations omitted). Although we agree with the district court that two aspects of the ALJ's credibility determination are mistaken, "we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record." Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004).[1]

We begin by noting two problems with the ALJ's rationale for finding Pickup not credible. The ALJ stated that Pickup's "treatment has been essentially routine and/or conservative in nature." Although her medical treatment was initially conservative after a 2008 workplace injury, over time conservative measures failed and extensive treatment, including a daily narcotic pain regimen, became necessary. The ALJ's conclusion about this issue is thus not supported by substantial evidence.

---

[1] Pickup contends that courts may not affirm an ALJ's credibility finding while rejecting some of the ALJ's reasons for that finding. She purports to quote Huston v. Bowen, 838 F.2d 1125, 1132 n.7 (10th Cir. 1988), as stating that "[w]hen several factors relied upon to discount a claimant's credibility are unsupported or contradicted by the record, that determination cannot stand." No such statement appears in Huston. And the older, unpublished cases she cites are contrary to our authoritative decision in Branum as well as numerous more recent unpublished cases. See, e.g., Butler v. Astrue, 410 F. App'x 137, 139 (10th Cir. 2011) (unpublished); Roybal v. Astrue, 224 F. App'x 843, 848 (10th Cir. 2007) (unpublished); Norris v. Barnhart, 152 F. App'x 698, 704 (10th Cir. 2005) (unpublished).

Further, the ALJ stated that the reason Pickup was terminated from her last job as a certified nursing assistant was "not related to the allegedly disabling impairment(s)." However, this finding is belied by a letter from Pickup's employer stating that the cause for termination was her "inability to perform [her] duties, as evidenced by the medical statement received from [her] physician dated February 18, 2010, which states [she] ha[s] permanent restrictions of no lifting or carrying over 30 pounds, no pushing/pulling over 60 pounds, and no bending, stooping, twisting." Although these restrictions do not prevent Pickup from performing other sorts of light work, the ALJ's conclusion that Pickup's termination was unrelated to her impairment is clearly not supported by substantial evidence in the record.

But the ALJ's conclusion that Pickup is not credible because she received unemployment benefits after her termination is entirely proper. The ALJ explained:

> [Pickup] testified she had received unemployment benefits beginning in March 2010 . . . through September 3, 2011. In order to receive unemployment compensation, the person must be looking for future employment and be physically able to return to work. Therefore I find that the unemployment compensation [Pickup] received through September 2011 would show that she received benefits in good faith and reported she was able to work during that time period.

(citations omitted). There is an obvious inconsistency between claiming an <u>ability</u> to work for purposes of obtaining unemployment compensation and claiming an <u>inability</u> to work for purposes of obtaining social security benefits. The ALJ was thus entitled to rely on Pickup's receipt of unemployment benefits as a reason weighing against the credibility of her claim of a completely disabling impairment.

-4-

Other aspects of the ALJ's credibility determination concern the activities Pickup is capable of performing while on medication and the relative effectiveness of medication in stabilizing her pain levels. The ALJ noted that Pickup "has been prescribed and has taken appropriate medications for the alleged impairments, which weighs in [her] favor, but the medical records reveal that the medications have been relatively effective in controlling [her] symptoms." Pickup contends it was improper for the ALJ to hold her medication use against her. However, she fails to appreciate the distinction between two ways that medication use can affect a credibility analysis. As the ALJ acknowledged, medication use can bolster credibility by showing that a claimant is willing to seek relief for her impairments. See Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012). Yet the purpose of a credibility analysis is to assess the credibility of the claimant's allegations of impairment. If medication effectively reduces the operative symptoms, that fact can weigh against the claimant. See id. at 1171 (holding that the ALJ did not err in "reject[ing] [the claimant's] complaint of disabling pain because of lack of intensity" where "medical reports reveal[ed] that medications have been relatively effective, when taken as prescribed" (emphasis and quotations omitted)); accord Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 909-10 (10th Cir. 2002).[2]

---

[2] Pickup claims that Hamlin v. Barnhart, 365 F.3d 1208 (10th Cir. 2004) supports her contrary position. However, Hamlin merely noted that a claimant's credibility was "not necessarily undermine[d]" where treatment "may have been effective in alleviating some of [the claimant's] symptoms." Id. at 1221-22. And in

(continued)

Moreover, the ALJ reasoned that Pickup's "allegedly limited daily activities cannot be objectively verified." Pickup contends that objective verification of daily activities is not required. However, we have specifically held that the lack of objective verification about a claimant's allegedly limited daily activities is a proper factor in a credibility analysis. See Keyes-Zachary, 695 F.3d at 1168.

Finally, the ALJ reasoned that Pickup's claims of limited daily activities contradict what she told her doctor she was capable of doing and are therefore not credible. We agree with the ALJ that substantial evidence in the record supports the conclusion that Pickup's testimony in the social security proceeding contradicts what she told her doctor,[3] and that she is therefore not credible.[4]

---

Hamlin, the plaintiff was hospitalized for severe pain while taking pain medication. Id. at 1221. Hamlin's qualified holding and its case-specific application are not inconsistent with the above authorities or their application to the circumstances of this case.

[3] Pickup contends the ALJ did not rely on this contradiction in her credibility analysis, but a commonsense reading of the ALJ's decision belies this contention.

[4] In her reply brief, Pickup challenges for the first time the ALJ's findings that the medical evidence supports the conclusion that she can function at a higher level than she claimed in the social security proceeding. Because Pickup did not raise this argument until her reply brief on appeal, we deem it waived. See Martin K. Eby Constr. Co. v. OneBeacon Ins. Co., 777 F.3d 1132, 1142 (10th Cir. 2015).

**III**

Pickup has shown that part of the ALJ's credibility analysis was incorrect.  Yet because that analysis was, on balance, proper and supported by substantial evidence, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge
